■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v APINA GRAVES, Appellant. [20 NYS3d 19]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered February 13, 2013, convicting defendant, after a jury trial, of five counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to an aggregate term of four years, unanimously reversed, on the law, and the matter remanded for a new trial.

The People failed to show there was an overriding interest that was likely to be prejudiced by the undercover police officer's open-court testimony. Thus, the trial court erred in partially closing the courtroom, infringing upon defendant's right to a public trial (*see People v Echevarria*, 21 NY3d 1, 12-13 [2013], *cert denied* 571 US —, 134 S Ct 823 [2013]; *People v Martinez*, 82 NY2d 436, 443 [1993]). At the *Hinton* hearing, the officer acknowledged that although he was still engaged in undercover narcotics work, he had been assigned to the Bronx for over a year and was no longer working in Brooklyn, where the charged sales had occurred. The undercover officer noted there was a possibility he could return to Brooklyn, but conceded that it was based on mere "[t]alks" among his workplace "[p]eers." He testified that this was the only case he had in Manhattan, and that he never had seen any of his unap-

prehended subjects in the Manhattan courthouse except for defendant.

The sparse *Hinton* hearing testimony in this case does not suffice to establish the requisite nexus between the undercover officer's safety concerns and his testifying in open court in Manhattan (*see Echevarria*, 21 NY3d at 13). Here, the testimony only established that the undercover generally feared for his safety, and did not contain enough specificity to show an ongoing connection either to the area where defendant was arrested or the courthouse where the trial occurred (*see Echevarria*, 21 NY3d at 12; *Martinez*, 82 NY2d at 443-444).

The undercover failed to identify any specific threats from defendant or his family, or to establish that "associates of defendant or targets of investigation" were likely to be present in the courtroom (*see People v Ramos*, 90 NY2d 490, 498 [1997], *cert denied* 522 US 1002 [1997], quoting *Martinez*, 82 NY2d at 443). Finally, the People's brief mentions that this case was being prosecuted by Special Narcotics which has citywide jurisdiction, but the testimony at the *Hinton* hearing did not develop this issue or explain how it would affect the officer's safety concerns.*

In light of this disposition, we decline to reach defendant's other arguments. Concur—Tom, J.P., Acosta, Moskowitz and Richter, JJ.

---

* On the retrial, the court can conduct a new *Hinton* hearing based on the circumstances and the officer's work assignments at the time of the retrial.